IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEREK BRASWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-CV-471-RAW-DES |
| ) | |
| TOWN OF HULBERT, a municipal corporation, ) | |
| and; COLTON COBLE, in his individual capacity, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMENDATION**

This matter comes before the Court on Defendant, Town of Hulbert's ("Defendant" or "the Town") Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6). (Docket No. 11). On December 16, 2024, United States District Judge Ronald A. White referred this case to Magistrate Judge D. Edward Snow for all pretrial and discovery matters, including dispositive motions, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72. (Docket No. 15). For the reasons set forth below, the undersigned Magistrate Judge RECOMMENDS Defendant's Motion to Dismiss be GRANTED.

I.   **Background**

Plaintiff's Complaint alleges that on November 7, 2022, Plaintiff was driving through the Town of Hulbert when he was stopped by Officer Colton Coble ("Defendant Coble") with the Hulbert Police Department ("HPD"). (Docket No. 2-2 at 2). When Plaintiff pulled over, Defendant Coble explained that he stopped Plaintiff because Plaintiff's window tint was too dark. *Id*. During the traffic stop, Defendant Coble told Plaintiff that he smelled marijuana coming from Plaintiff's vehicle. *Id.* Plaintiff denied using marijuana and declined to allow Defendant Coble to search his vehicle, despite Defendant Coble's demands to search. *Id.* Defendant Coble then informed Plaintiff

1

he had probable cause to search the vehicle and that he was placing Plaintiff under arrest for refusing to consent to a search. *Id.* at 3. Plaintiff attempted to record his conversation with Defendant Coble, at which time Defendant Coble "slammed Plaintiff to the ground" and "tased [him] multiple times." *Id.* As a result, Plaintiff suffered injuries and bruises to his entire body. *Id.* Despite no drugs being found in Plaintiff's vehicle, Plaintiff was still arrested and charged with resisting arrest and obstruction. *Id.* These charges were later dismissed by the State. *Id.* at 4. Based on these facts, Plaintiff alleges six (6) claims of actions: Count I against Defendant Coble for excessive use of force and Count II for wrongful arrest and false imprisonment. *Id.* at 4-5. The remaining four claims are against the Town. Count III for Municipal Liability, Count IV for Discrimination and/or Failure to Accommodate under the Americans with Disability Act, Count V for Negligent Use of Force, and Count VI for Wrongful Imprisonment/ False Arrest. *Id.* at 6-10.

On December 10, 2024, the Town filed its Motion to Dismiss on all counts against it, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), arguing Plaintiff has failed to plead a plausible claim for relief against the Town and that Plaintiff's state law claims are barred as untimely under the Oklahoma Governmental Tort Claims Act. (Docket No. 11 at 8). On January 9, 2025, Plaintiff filed a Notice of Partial Dismissal, voluntarily dismissing Counts IV, V, and VI of his Petition against the Town without prejudice to refiling. (Docket No. 20). Accordingly, the only count remaining to be decided is whether Plaintiff has sufficiently plead facts to support his claim for Municipal Liability under *Monell.* (Docket No. 23 at 1).

**II.     Analysis**

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Courts would generally embrace a liberal construction of this pleading requirement and allow complaints containing only

2

conclusory allegations to move forward unless factual impossibility was apparent from the face of the pleadings. *Robbins v. Oklahoma* 519 F.3d 1242, 1246 (10th Cir. 2008). However, the U.S. Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), announced a new standard that held to withstand a motion to dismiss, a complaint must contain enough allegations of fact to state a claim in which relief is plausible on its face. *Id* at 570. This does not mean all facts must be presented at the time of the complaint, but merely that the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Id* at 555 (quotation omitted). Therefore, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Robbins,* 519 F. 3d at 1247. Courts are to always construe the allegations of a Complaint in a light most favorable to the Plaintiff; however, "the court will not read causes of action into the complaint which are not alleged." *Arnold v. City of Tulsa, Oklahoma*, No. 09CV811, 2010 WL 3860647, at *3 (N.D. Okla. Sept. 30, 2010) (citing *Superior Kitchen Designs, Inc. v. Valspar Indus. (U.S.A.), Inc*., 263 F.Supp.2d 140, 148 (D. Mass. 2003)).

It is not enough for the plaintiff to plead facts "merely consistent" with the defendant's liability – "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009). Instead, a plaintiff must state enough facts to nudge his claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "A complaint is 'plausible on its face' if its factual allegations allow the court to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Doe v. Sch. Dist. No. 1*, 970 F.3d 1300, 1309 (10th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678).

**Municipality Liability**

Defendant argues that Plaintiff fails to state a plausible claim for relief in his Count III claim for liability against the Town under *Monell*. (Docket No. 11 at 11). Under § 1983, a municipality cannot be held strictly or vicariously liable for its employees' actions; liability can attach only when "action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 691 (1978). Accordingly, to prevail on a § 1983 claim against a municipality, a plaintiff must show: (i) that an officer committed an underlying constitutional violation; (ii) that a municipal policy or custom exists; and (iii) that there is a direct causal link between the policy or custom, and the injury alleged. *Graves v. Thomas,* 450 F.3d 1215, 1218 (10th Cir. 2006). A municipal policy or custom includes the following:

> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

*Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010) (internal citations and quotation marks omitted). "At the pleading stage, the existence of a *Monell* policy is a 'conclusion' to be built up to, rather than a 'fact' to be baldly asserted." *Griego v. City of Albuquerque*, 100 F. Supp. 3d 1192, 1215 (D.N.M. 2015). Plaintiff must allege sufficient facts from which it can be plausibly concluded that the municipality had an improper policy, custom or practice of violating the constitutional rights of citizens. *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1187 (D.N.M. 2014). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly

4

(not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). "The plaintiff cannot simply allege that there is a policy in place, but, rather, must plead facts that, if true, would give rise to a plausible inference that such a policy exists." *Griego*, 100 F. Supp. 3d at 1213.

In this case, Plaintiff makes no factual allegations that the Town had a formal or informal policy for practice of violating the constitutional right of its citizens. "Plaintiff does not identify (or even rely upon) any formal policy that would cause the violation of an individual's constitutional rights. If Plaintiff is relying on an alleged 'custom' or 'practice' of violating such rights, Plaintiff has failed to identify a single previous incident where the Town of Hulbert violated the constitutional rights of citizens, let alone a prior incident that is similar to the allegations in the present case." (Docket No. 11 at 12). No where is his Factual Allegations does Plaintiff identify or allege any facts that would show that any such custom or practice was "so permanent and well settled" that it can be considered a "custom or usage with force of law.*"* *Moss v. Kopp*, 559 F.3d 1155, 1169 (10th Cir. 2009). Plaintiff does not even mention the Town of Hulbert other than to identify where the traffic stop occurred. Rather all of Plaintiff's *Monell* allegations are entirely conclusory.

Plaintiff argues that "courts have applied a laxed standard when reviewing municipal liability claims at the motion to dismiss stage." (Docket No. 21 at 9). While it is true that some courts in outside jurisdictions have approached municipal liability as adequately plead even where only minimal factual allegations are given, *see Thomas v. City of Galveston,* 800 F. Supp. 2d 826, 841-45 (S.D. Tex. 2011)*,* the Tenth Circuit has not adopted this lax pleading standard. *See e.g., Moss,* 559 F.3d at 1169 (affirming dismissal of *Monell* claim where plaintiffs essentially claimed that conduct of deputies alone could support municipal liability); *Pyle v. Woods*, 874 F.3d 1257,

5

1266 (10th Cir. 2017) (affirming Rule 12(b)(6) dismissal of municipal-liability claim where plaintiff only provided formulaic recitation of elements of claim, and failed to provide sufficient factual allegations of a link between injury and municipal policy or custom); *Mocek v. City of Albuquerque*, 813 F.3d 912, 933 (10th Cir. 2015) (affirming Rule 12(b)(6) dismissal of complaint that asserted a municipal policy was the moving force behind injury, but cited "no particular facts in support of these threadbare recitals of the elements of a cause of action"); *Soto for estate of Jimenez v. Bd. of Cnty. Comm'rs of Caddo Cnty*, 748 F. App'x 790, 794 (10th Cir. 2018) ("Ms. Soto's arguments ignore well-established Tenth Circuit precedent holding a § 1983 municipal liability claim must include factual allegations that a particular municipal custom or policy was the moving force behind the constitutional injury in order to withstand a Rule 12(b)(6) dismissal.").

Furthermore, even the court in *Thomas* held "a plaintiff suing a municipality must provide fair notice to the defendant, and this requires more than genetically restating the elements of municipal liability." *Thomas*, 800 F. Supp. 2d at 843. The court goes on to note that allegations such as "past incidents of misconduct to others, multiple harms that occurred to the plaintiff himself, misconduct that occurred in the open, the involvement of multiple officials in the misconduct, or the specific topic of the challenged policy or training inadequacy" are the types of details, or any other minimal factual allegations a plaintiff can provide, help to satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests, and also to permit the court to infer more than the mere possibility of misconduct." *Id.* at 843-44, *citing Twombly*, 550 U.S. at 555 n. 3, and *Iqbal*, 556 U.S. at 678.

Here, Plaintiff makes no mention of any factual allegation that would put the municipality on fair notice of the grounds for which it is being sued. Plaintiff's boilerplate allegations that the Town has a policy or custom of "failing to train officers regarding warrantless search of vehicles

during a traffic stop"; of "using more force" than is "reasonably necessary"; of "failing to accommodate the needs of [physically] disabled individuals"; of "failing and/or refusing to perform any post-search and/or post-arrest investigation"; and the like amount to nothing but boilerplate allegations and lack any factual content. Although for the purposes of a motion to dismiss the Court must take all of the factual allegations in the complaint as true, the Court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678. Accordingly, the undersigned Magistrate Judge RECOMMENDS Plaintiff's claim for municipal liability under *Monell*, 42 U.S.C. §1983 against the Town of Hulbert is insufficient under Fed. R. Civ. P. 12(b)(6) and the Town's Motion to Dismiss be GRANTED.

### III.     Conclusion

For the reasons set forth herein, the undersigned Magistrate Judge concludes that Plaintiff's *Monell* claim against the Town of Hulbert under 42 U.S.C. § 1983 fails to meet the pleading standards required by Federal Rule of Civil Procedure 8(a)(2) as interpreted by *Twombly*, *Iqbal*, and Tenth Circuit precedent. Plaintiff has failed to allege facts that any specific policy, custom, or practice of the Town was the moving force behind the alleged constitutional violation, nor has Plaintiff alleged any facts demonstrating a pattern of similar incidents or deliberate indifference on the part of municipal policymakers. The Complaint relies solely on boilerplate and conclusory assertions without factual support and thus does not plausibly allege municipal liability. Accordingly, the Town of Hulbert's Motion to Dismiss Plaintiff's *Monell* claim under Rule 12(b)(6) should be GRANTED without prejudice.

Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

DATED this 18th day of August, 2025.

_____
D. Edward Snow
United States Magistrate Judge